PRIESTLY *v.* FURST.

4-4182

Opinion delivered March 2, 1936.

*Westbrooke & Westbrooke,* for appellant.

*Bruce Ivy, H. L. Methvin* and *Kenneth Rainer,* for appellee.

JOHNSON, C. J. Two separate actions were instituted by appellees, Berdie Furst and Mahalia Henderson, in the Poinsett Circuit Court against appellant, Ed Priestly, seeking damages for personal injuries alleged to have been sustained by and through appellant's negligent operation of his automobile at a time when appellees were his invited guests. By answers the material allegations of the complaints were put in issue. The two actions were consolidated for trial purposes, and upon trial to a jury, resulted in verdicts in favor of appellee, Berdie Furst, for $1,500 and appellee, Mahalia Henderson, for $2,500, and from consequent judgments thereon comes this appeal.

Appellant's primary contention for reversal is that the trial court erred in refusing to direct a verdict in his favor. This contention is grounded upon two propositions: first, that the uncontradicted testimony shows that appellant was not negligent in the operation of his car; second, that the negligent operation of Melton's car was the sole proximate cause of the collision. This assignment necessitates a summary of the testimony adduced by appellees which is to the following effect; appellees reside in Memphis, Tennessee; a few days prior to September 12, 1932, appellant invited appellees to go on a fishing trip in Indian Bay near Forrest City, Arkansas, where appellant maintained a house boat. The trip was made in appellant's automobile. On September 12, 1932, as aforesaid, and upon the return trip of the party from the fishing trip, and at a point near Forrest City, appellant's automobile collided with an automobile owned and driven by one Melton. Prior to the collision appellant's automobile was being driven east, and Melton's automobile was being driven west, both of which cars were traveling upon the concrete highway, extending from Little Rock, Arkansas, to Memphis, Tennessee. Immediately prior to the collision appellant was driving his car at a speed of fifty-five or sixty miles per hour when Melton's car was discovered pulling out from behind a wagon which was traveling on his side of the highway, and in the same direction. This occurred at a time when appellant's car was 150 or 200 yards distant from the Melton car. Appellant immediately reduced the speed of his car to 25 or 30 miles per hour, but thereafter made no effort to stop the car or avoid the collision. Appellant testified in reference to the circumstances immediately prior to the collision as follows: "Q. How far were you down the road when you saw this car attempting to pass the wagon? A. I would say about 100 yards. Q. And he pulled out to go around the wagon when you saw him 100 yards down the road? A. He had passed the car and attempted to go around the wagon, yes, sir. Q. And you knew he was on your side of the road? A. Yes, sir. Q. You didn't slow down until you got right at him? A. No, sir. Q. There

wasn't anything in the world to keep you from stopping your car, was there? A. No, sir, I could have possibly stopped dead still. Q. You discovered then that you were not going to be able to pass? A. Yes, sir. Q. In what distance could your car be stopped going at the speed you were going? A. I would think you would stop in 30 feet. Q. He was 150 feet from you and you discovered you were not going to be able to pass? A. Yes, sir.''

Appellees were very seriously, if not permanently, injured by the collision.

Appellant's admissions, while a witness in the case, quoted *supra,* were amply sufficient to sustain the jury's finding that he was negligent in failing to stop his car and avoid a collision with Melton's car, therefore the contention that the verdict is not supported by substantial testimony is without merit. *Peay* v. *Panich,* 191 Ark. 538, 87 S. W. (2d) 23, cited and relied upon by appellant has no application to the facts of this case.

Appellant next contends that the court erred in giving to the jury in charge appellee's request number three, as follows: ''You are instructed that, if you find that Melton was guilty of negligence, that would be no bar to recovery on the part of the plaintiffs, and if you should find that Priestly was also guilty of negligence causing or contributing to the injuries complained of, then plaintiffs would have a right to recover, regardless of the negligence of Melton.''

We have repeatedly held that where two concurring causes produce an injury which would not have occurred in the absence of either—either or both are liable for the consequent damages, if the one injured is not in fault or negligent. *Healey & Roth* v. *Balmat,* 189 Ark. 442, 74 S. W. (2d) 242.

Other assignments of error are urged in reference to instructions requested, granted and refused, but it would unduly extend this opinion to discuss them separately. It must suffice to say that the instructions given by the trial court to the jury in charge, when considered as a whole, presented the controverted issues fairly and without substantial error.

Finally appellant contends that the verdict and consequent judgments are excessive. The testimony on behalf of Berdie Furst reflects that she received injuries to her back, leg and a ruptured blood vessel in the collision, and that she had not completely recovered at the time of the trial, which was two years subsequent to the collision. On behalf of appellee, Mahalia Henderson, the testimony shows that she received a broken arm, injuries to her side and other abrasions in the collision, and two years subsequent to the injury she was unable to perform work done prior to the injury, and moreover she was forced to wear a cast for two months around her arm, and it is now in a crooked and weakened condition. This testimony is amply sufficient to sustain the verdicts.

No error appearing, the judgments are affirmed.